**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONNIE GLENN TRIPLETT,

Defendant - Appellant.

No. 05-6342

(W.D. Oklahoma)

(D.C. No. 04-CR-62-C)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case comes to us in an odd posture. It began when defendant/appellant Ronnie Glenn Triplett pled guilty pursuant to a plea agreement to three counts of a six-count indictment. Specifically, he pled guilty to two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court applied the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to Triplett and sentenced him to 188 months' imprisonment, followed by three years of supervised release. His sentence was affirmed on appeal. United States v. Triplett , No. 05-6061 (10th Cir. Dec. 27, 2005). Triplett's petition for rehearing and rehearing en banc was denied by this court on January 31, 2006, and his motion to stay the mandate was denied by this court on February 2, 2006.

While that appeal was pending, Triplett filed a motion in the district court entitled "Motion for Relief from Judgment and Commitment Order Pursuant to Rule 60(b)(4) or 60(b)(6)." The motion sought an order from the district court vacating his conviction, dismissing the indictment, and releasing him from custody. Although his direct appeal was pending before our court, the district court nonetheless concluded it had jurisdiction over this motion, and it denied it on the merits for failure to state a claim for relief. Proceeding pro se , Triplett now attempts to appeal that denial, and that attempt is what is before us for

consideration. For reasons set out more fully below, we dismiss this appeal because it is jurisdictionally defective.

**BACKGROUND**

On two separate occasions on the evening of January 6, 2004, Triplett sold methamphetamine to an Oklahoma City undercover police officer. The sales took place at Triplett's place of business. The next day, during the execution of a search warrant at Triplett's business, police officers seized a shotgun and ammunition, along with many other items associated with the production and distribution of methamphetamine. A subsequent search of Triplett's residence resulted in the seizure of more methamphetamine. The two drug sales and the shotgun and ammunition provided the basis for the three counts of conviction.

The plea agreement entered into by Triplett and the government, as well as the colloquy at Triplett's change of plea hearing, put him on notice that he was exposed to sentencing under the ACCA. The plea agreement also contained a waiver of the right to appeal and to collaterally challenge Triplett's guilty plea and sentence, with certain exceptions. First, Triplett could appeal an upward departure from the sentencing guideline range calculated under the United States Sentencing Commission, Guidelines Manual ("USSG"). Second, Triplett could bring an appeal "based on changes in the law reflected in Tenth Circuit or

Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect." Plea Agreement at 7. Finally, Triplett was "specifically limited to conditionally challenge the application of the [ACCA] to Count 4 . . . the application of the Career Offender Guideline . . . to counts 1 and 2." Id.

At sentencing on February 1, 2005, the probation office's presentence report ("PSR") determined that the ACCA was applicable, based upon four prior convictions involving drugs or firearms. This caused Triplett's total offense level to be 34. With a three-level reduction for acceptance of responsibility, Triplett's final total offense level was 31. The PSR therefore concluded that a total offense level of 31 with a criminal history category of VI resulted in a guidelines sentencing range of 188-235 months.

Because Triplett's sentencing occurred a few weeks after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the district court correctly acknowledged that the Sentencing Guidelines were advisory, not mandatory. The district court then explained to Triplett why the guideline range was appropriate and sentenced him at the bottom of that range. As indicated, our court affirmed Triplett's sentence on direct appeal.

When Triplett filed the instant motion pursuant to Fed. R. Civ. P. 60(b)(4) or (b)(6), the district court denied it, stating:

-4-

> Fed. R. Civ. P. 60 governs judgments in a civil proceeding. It cannot be used to set aside a criminal judgment. <u>See</u> <u>United States v. Bennett</u>, Case No. 97-6063, 1997 WL 748663, *1 (10th Cir. Dec. 3, 1997)) ("Rule 60(b), however, has no application whatever to criminal matters."). Because Defendant insists that his motion should not be construed as a 28 U.S.C. § 2255 motion, his motion must be denied for failure to state a claim for relief.

Order at 2. Triplett argues the court erred in denying his motion because <u>Booker</u> "judicially repealed" 18 U.S.C. § 3553(b)(1) and the "Rule of Common Law Abatement requires that any conviction executed on the basis of repealed statute (or any provision thereof) must be abated, dismissed, and the Court is without jurisdiction to entertain further proceedings under the indictment." Appellant's Br. at 2.

## DISCUSSION

There are several reasons why this appeal is not properly before us, nor was it properly before the district court. First, many months after he filed his direct appeal, and while the appeal was pending before a panel of this court, he filed a motion to file a supplemental brief in his direct appeal, seeking to raise the very same issue he argued in his 60(b) motion before the district court and he argues now on appeal to us. [1] That motion was referred to the panel, which denied "all

---

[1] He filed his appeal on February 10, 2005. He filed his 60(b) motion on July 14, 2005. The district court denied his motion on July 26, 2005. On August

(continued...)

-5-

pending motions" in its December 27, 2005 order and judgment affirming Triplett's sentence. Thus, his attempt to raise that issue on direct appeal was denied. Accordingly, he is procedurally barred from raising that issue again, inasmuch as he could and should have raised it on direct appeal and his untimely effort to do so was denied.

Second, as a threshold matter, the district court initially assumed jurisdiction over Triplett's Rule 60(b) motion, citing a civil case, Aldrich Enters., Inc. v. United States, 938 F.2d 1134 (10th Cir.1991), as authority. In Aldrich Enters., Inc. our court stated that while the district court "lacked jurisdiction to *grant* the Rule 60(b)(2) motion due to the appeal [filed earlier] . . . the court was free to consider the motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand." Id. at 1143. But Aldrich does not in any way apply in this context.

Rule 60(b) has no applicability to a criminal proceeding. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); see also United States v. Keefe, 169 F.3d 281, 289 (5th Cir. 1999). While a court always has

---

[1](...continued)
29, 2005, he filed a motion to file a supplemental brief in his direct appeal. That motion was referred to the panel on the merits on September 9, 2005. Our court affirmed his sentence on direct appeal on December 27, 2005 and dismissed all pending motions.

jurisdiction to determine whether it has jurisdiction, Rule 60(b) is not an independent source of jurisdiction in a criminal case. The rule certainly was insufficient to confer jurisdiction on the district court when the existence of a prior pending appeal had transferred jurisdiction months before to our court. More specifically, and in any event, that rule did not confer jurisdiction at all, either as a threshold matter or as a vehicle for relief.

The district court had only two possible alternative courses of conduct. It could have dismissed Triplett's motion, with or without prejudice, because of lack of jurisdiction, or it could have recharacterized the motion as something cognizable under the Federal Rules of Criminal Procedure, such as a Rule 33 motion for a new trial, or a Rule 35(a) motion to correct clear error in the judgment, or a Rule 34 motion arresting judgment. However, it is clear from the record that no relief would have been available under any of those rules, both because of time limits and subject matter.

The only other conceivable recharacterization of the motion would be as a motion for a writ of habeas corpus under 28 U.S.C. § 2255. Triplett himself adamantly denies that his motion was a § 2255 motion. Furthermore, the district court could not have so recharacterized the motion without following certain procedures:

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this

-7-

recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Crosby v. United States, 540 U.S. 375, 383 (2003); accord, Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005). The district court did not do this.

Finally, out of an abundance of caution and in the interests of judicial economy, we note that Triplett's argument on appeal is meritless. Booker severed portions of the Sentencing Reform Act which had made the sentencing guidelines mandatory. Thus, it rendered the guidelines advisory, not mandatory. Booker neither repealed the entire Act nor required the dismissal of all sentences imposed in accordance with the Act. Our court, in accordance with Booker itself, routinely reviews the application of the now-advisory guidelines to defendants sentenced post- Booker, just like Triplett.

## CONCLUSION

For the foregoing reasons, we conclude that Triplett's motion was not properly before the district court or this court. This appeal is DISMISSED. The motion to stay the mandate is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge