FILED
United States Court of Appeals
Tenth Circuit

**February 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONNIE GLENN TRIPLETT,

Defendant-Appellant.

No. 07-6200
(D.C. Nos. CIV-07-632-C and
CR-04-62-C)
(W.D. Okla.)

## ORDER DENYING CERTIFICATE
## OF APPEALABILITY

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Ronnie Glenn Triplett, a federal prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2255 motion. For substantially the same reasons as set forth by the

district court, we **DENY** a COA and **DISMISS** the appeal.

On June 10, 2004, Triplett pleaded guilty to two counts of distribution of

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of felon in

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

Under the terms of the plea agreement, Triplett waived his rights to appeal or collaterally challenge his sentence, with certain exceptions.[1]

After Triplett entered into this agreement, but before he was sentenced, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). At sentencing, the district court adopted the findings of the Presentence Report, which recommended an enhanced penalty under ACCA. Based on this application of ACCA, Triplett's statutory minimum sentence was 180 months' imprisonment. After a reduction for acceptance of responsibility, his advisory Guidelines sentencing range was 188 to 235 months on each count. The district court sentenced him at the bottom of that range, 188 months on each count, to be served concurrently.

Triplett appealed his sentence to this court, contending, among other things, that the district court erred in applying ACCA to enhance his sentence. United States v. Triplett, 160 F. App'x 753 (10th Cir. 2005). We affirmed his sentence. While that appeal was pending, Triplett filed a motion in the district court for relief from judgment pursuant to Fed. R. Civ. P. 60(b). After the district court denied the motion, Triplett again appealed to this court, arguing that his motion

---

[1] Triplett reserved the right to challenge: (1) an upward departure from the United States Sentencing Guidelines ("Guidelines") range, (2) application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924, to the firearm count, (3) application of the Career Offender Enhancement under U.S.S.G. § 4B1.1 to the distribution counts, and (4) his sentence or conviction based upon new Tenth Circuit or Supreme Court precedent held to apply retroactively.

should have been granted because <u>Booker</u> "judicially repealed" 18 U.S.C. § 3553(b)(1), which was the basis for his sentence. <u>United States v. Triplett</u>, 166 F. App'x 362, 365 (10th Cir. 2006). We dismissed the appeal, noting that Triplett was procedurally barred from raising this issue because "he could and should have raised it on direct appeal." <u>Id.</u>

On June 4, 2007, Triplett filed a 28 U.S.C. § 2255 motion, claiming that the sentencing court erred in applying ACCA, that <u>Booker</u> repealed 18 U.S.C. § 3553(b)(1), and that his counsel was ineffective. The district court dismissed his motion, holding that his first and second claims had already been considered and rejected by this court. On ineffective assistance of counsel, the court held that Triplett had waived his right to raise this type of challenge in his plea agreement, and that in any event, he had failed to establish prejudice. Triplett sought a COA and leave to proceed in forma pauperis, both of which the district court denied. Triplett then filed this timely appeal and request for COA.[2]

---

[2] A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Triplett to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied a COA, Triplett may not appeal the district court's underlying decision absent a grant of a COA by this court.

Triplett urges four grounds for relief under § 2255: (1) His sentence is unconstitutional because the facts of his prior convictions were not proved beyond a reasonable doubt; (2) ACCA is unconstitutional because it imposes mandatory minimum sentences based on judicial determinations of facts proved only by a preponderance of the evidence; (3) Booker repealed 18 U.S.C. § 3553, and thus any sentence based on that statute is now void; and (4) Triplett's counsel provided ineffective assistance during plea agreement negotiations and entry of the plea.

Triplett's first two claims, regarding judicial fact finding and ACCA, have already been ruled on by this court. We dismissed them in his direct appeal, relying on our decision in United States v. Moore, 401 F.3d 1220 (10th Cir. 2005) (facts of prior convictions need not be included in the indictment and found by a jury beyond a reasonable doubt). Because there has been no intervening change in law on these issues, we decline to consider them again. See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

As previously observed, Triplett is procedurally barred from asserting his claim that Booker revoked the sentencing statute. Triplett, 166 F. App'x at 365. Even if not barred, this claim is without merit. See id. at 366 ("Booker neither repealed the entire Act nor required the dismissal of all sentences imposed in accordance with the Act."); see also Booker, 543 U.S. at 259 (severing unconstitutional portions of the sentencing statute and holding that "[m]ost of the statute is perfectly valid").

Triplett claims ineffective assistance of counsel in two ways: (1) Counsel allegedly knew, as did the prosecutor, that Triplett was actually innocent of the firearm possession charge, yet encouraged Triplett to plead guilty and failed to reveal Triplett's claim of innocence to the court; and (2) Counsel was ineffective for failing to enforce a verbal agreement by the government not to seek any sentencing enhancements. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), Triplett must show that counsel's actions fell below an objective standard of reasonableness, and that this conduct prejudiced Triplett's proceedings such that, absent counsel's errors, the outcome would have been different. We employ a strong assumption that counsel acted within the wide range of reasonable professional assistance. Id. at 689.

In the context of a guilty plea, a defendant establishes prejudice only if he shows that "he would not have pleaded guilty and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001). Although a defendant need not show he would have prevailed at trial, his prospects of succeeding inform our view of whether he would have gone to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002).

In dismissing Triplett's ineffectiveness claims, the district court concluded that Triplett failed to establish prejudice. With respect to his first claim of ineffectiveness, it found that during his plea hearing, Triplett admitted to constructive possession of the firearm and stated that he had not been threatened

or coerced into pleading guilty.[3] Given these statements by Triplett himself, the court found that he had not established a reasonable probability that, but for counsel's errors, he would have gone to trial. We agree.

Regarding counsel's failure to object to the government's breach of a condition of his plea agreement, the district court found no evidence of an agreement not to seek a sentencing enhancement. At the plea hearing, Triplett acknowledged that "any promise that's been made . . . by any officer of any branch of any government . . . will never be enforceable against the government unless it's contained in [the] written plea agreement or stated to [the court] . . . at this time." The district court also found no evidence that the government sought an enhancement. Based upon our review of the record, we conclude that Triplett has failed to show how the outcome of his proceeding would have been different absent the alleged errors by counsel.

Because we determine that Triplett has failed to show the denial of a constitutional right, a COA is **DENIED** and his appeal is **DISMISSED**. We

---

[3] In his appellate brief, Triplett argues that counsel knew he was innocent, because counsel knew "the gun was not mine." Yet under 18 U.S.C. § 922(g), ownership is not a necessary element of the crime; possession is sufficient to violate the statute.

**GRANT** Triplett's motion to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge