FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN R. TAYLOR,

      Defendant-Appellant.

Nos. 09-6042
(D.C. No. 5:95-CR-00158-D-1)
(W. Dist. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

---

John R. Taylor appeals from the denial of his motion to reduce his sentence

under 18 U.S.C. § 3582(c)(2). The district court determined that although

amendments to the United States Sentencing Guidelines (U.S.S.G.) lowered

certain base offense levels for crack cocaine offenses, Mr. Taylor was not eligible

for resentencing because he was sentenced as a career offender. We dismiss the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

appeal as untimely.

Mr. Taylor was indicted and convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count I), and with intent to distribute approximately 115 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count III). Because he was a career offender, he received a sentence of 360 months on both counts, to be served concurrently.

Subsequently, the United States Sentencing Commission reduced the offense level applicable to most crack cocaine offenses by two levels. *See* U.S. Sentencing Guidelines Manual app. C, amend. 706 (Supp. May 1, 2008) (revising crack cocaine guidelines); U.S. Sentencing Guidelines Manual app. C, amend. 713 (Supp. May 1, 2008) (making Amendment 706 retroactive). Mr. Taylor then moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied relief. On appeal, Mr. Taylor argues that although he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, his sentence should be reduced under § 3582(c)(2) based on retroactive application of Amendment 706.

The government contends this appeal is untimely. In § 3582 proceedings, the notice of appeal is due within 10 days of the entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(b)(1)(A). In this case, Mr. Taylor filed his notice of appeal of the district court's February 11, 2009 order on March 2, 2009.

-2-

Although the prisoner mailbox rule deems an inmate's notice of appeal timely "if it is deposited in the institution's internal mail system on or before the last day for filing," *see* Fed. R. App. P. 4(c)(1), Mr. Taylor's notice of appeal did not contain a certificate of mailing or any other information indicating compliance with Rule 4(c), nor did he respond to the Government's timeliness challenge. Given the possibility that the notice could be considered timely under the mailbox rule, we issued a show cause order providing Mr. Taylor with yet another opportunity to demonstrate compliance with Fed. R. App. P. 4(c). He did not respond. Accordingly, his appeal is time-barred.[1]

We **DISMISS** the appeal as untimely. Appellant's motion to proceed in forma pauperis is **DENIED**.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[1]In any event, Mr. Taylor's sentence was not based on a sentencing range that was subsequently lowered. As we held in *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008), "Amendment 706 ha[s] no effect on the career offender guidelines in § 4B1.1," and therefore a reduction in sentence is not authorized under § 3582(c)(2). Because Mr. Taylor's status as a career offender determined his sentence, Amendment 706 did not lower his applicable guidelines range.