FILED
United States Court of Appeals
Tenth Circuit

June 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN R. TAYLOR,

Defendant-Appellant.

No. 08-6245
(D.C. No. 5:95-CR-00158-D-1)
(W. Dist. Okla.)

ORDER[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

John R. Taylor seeks to appeal from the district court's denial of his Rule

60(b) motion. The district court construed his motion as a second or successive

petition for habeas relief under 28 U.S.C. § 2255, and dismissed it for lack of

subject matter jurisdiction. We construe Mr. Taylor's notice of appeal and his

brief as an application for authorization to file a successive § 2255 petition, and

we deny that request.

Mr. Taylor was indicted and convicted of conspiracy to possess with intent

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

to distribute cocaine base in violation of 21 U.S.C. § 846, and with intent to distribute approximately 115 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. That conviction was reversed on appeal and remanded for a new trial. *United States v. Taylor*, 113 F.3d 1136 (10th Cir. 1997). On retrial, Mr. Taylor was again convicted and received a sentence of 360 months. We affirmed. *United States v. Taylor*, 183 F.3d 1199 (10th Cir. 1999).

Over the course of the next seven years, Mr. Taylor filed two federal habeas petitions that were dismissed on the merits, and two additional petitions in which we denied him authorization to file a second or successive § 2255 petition. Mr. Taylor filed the current motion attempting to void his 1998 criminal sentence on jurisdictional grounds pursuant to Federal Rule of Civil Procedure 60(b).[1] He asserted that "[w]hen the district court instructed the trial jury 'that the government is not required to prove a specific amount or quantity of the controlled substance that was possessed as in the indictment' . . . that defective instruction . . . devested [sic] th[e district] court of jurisdiction to impose a sentence under § 841(b)(1)(A)." Rec., vol. I at 32. In addition, Mr. Taylor argued that "[t]he rule of lenity dictates TAYLORS sentence be controlled by 21 U.S.C. § 841(b)(1)(C), which, provides a maximum term of 20 years

---

[1]Because Mr. Taylor's motion is properly construed as a petition pursuant to 28 U.S.C. § 2255, it is subject to the sixty-day rule applicable in civil cases. *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). As such, his appeal is timely.

imprisonment and three (3) years supervised release." *Id*. at 36.

The district court held that

By his Motion, Defendant does not seek to reopen or revisit a prior habeas ruling but to vacate his criminal sentence and obtain a new sentencing proceeding. *See* Motion [Doc. 306] at 9. "Rule 60(b) has no applicability to a criminal proceeding. While a court always has jurisdiction to determine whether it has jurisdiction, Rule 60(b) is not an independent source of jurisdiction in a criminal case." *United States v. Triplett*, 166 F. App'x 362, 365 (10th Cir. 2006). Thus, the Court must recharacterize the Motion as either a motion cognizable under the Federal Rules of Criminal Procedure or a § 2255 motion. Defendant's arguments to support his allegation regarding a lack of subject matter jurisdiction pertain solely to the Court's authority to sentence him under 21 U.S.C. § 841(b)(1)(A) and an alleged constructive amendment of the indictment. Defendant challenges only the particular sentence he received and not the Court's jurisdiction to hear his case or to impose sentence. At this point in the case, the relief sought by Defendant's Motion may only be obtained through a § 2255 proceeding. *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.") . . . .

Rec., vol. I at 67-68. The court also noted,

The issues that Defendant seeks to raise are not unlike those that have been the subject of his prior motions based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005), which the court of appeals has already considered and rejected.

*Id.* at 69. The court concluded that Mr. Taylor's motion was not a true Rule 60(b) motion, declined to recharacterize it as a § 2255 petition pursuant to *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008), and dismissed it for lack of jurisdiction.

*Id.* at 68-69. Mr. Taylor seeks to appeal this ruling.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). We consider a motion to be a "true" 60(b) motion if it "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding," provided that it does not lead to "a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted). However, "a Rule 60(b) motion is a second or successive habeas petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215.

Following our instructions in *Spitznas* outlining the process of evaluating Rule 60(b) motions, the district court properly determined that Mr. Taylor's Rule 60(b) motion should be treated as a second or successive habeas petition rather than a true 60(b) motion because it constituted an attack on his underlying criminal sentence rather than raising a permissible Rule 60(b) issue regarding a prior habeas proceeding. Substantially for the reasons set out in its ruling, we agree with the district court's determination that Mr. Taylor is attempting to file a successive habeas petition.

Pursuant to 28 U.S.C. § 2255(h), a petitioner must receive certification by this court before presenting a successive habeas petition in the district court. *In re Cline*, 531 F.3d at 1251-52. Without such certification, the district court lacks jurisdiction over the motion. *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006). Mr. Taylor did not obtain the requisite certification prior to filing his motion in the district court and the district court correctly dismissed his motion for lack of subject matter jurisdiction.

Pursuant to *Nelson*, 465 F.3d at 1149, we may treat Mr. Taylor's appeal as "an implied application to this court for leave to file a second § 2255 motion."

> Section 2255(h) requires a federal prisoner seeking authorization to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).

*In re Cline*, 531 F.3d at 1250. Mr. Taylor's motion fails to raise a viable challenge on either of these grounds.

Accordingly, we **DENY** Mr. Taylor leave to file a second or successive habeas petition, **DENY** his motion to *proceed in forma pauperis*, and **DISMISS**

this attempted appeal.

Entered for the Court


Stephanie K. Seymour
Circuit Judge