FILED
United States Court of Appeals
Tenth Circuit

May 20, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN R. TAYLOR,

      Defendant-Appellant.

No. 12-6316
(D.Ct. No. 5:95-CR-00158-D-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Appellant John R. Taylor received a conviction for one count of possession with intent to distribute and to distribute cocaine base (crack cocaine) in violation

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 21 U.S.C. § 841(a)(1) and a related conspiracy count in violation of 21 U.S.C. § 846.  The district court sentenced him to 360 months imprisonment on both counts, to run concurrently, after which we affirmed his conviction.  *See United States v. Taylor*, 183 F.3d 1199, 1200, 1205 (10th Cir. 1999).  Mr. Taylor now appeals the district court's denial of his most recent motion to reduce his sentence pursuant to 18 U.S.C. § 3582.  Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Mr. Taylor's motion.

## I.  Factual and Procedural Background

Prior to the district court sentencing Mr. Taylor to 360 months imprisonment, a federal probation officer prepared a presentence report, calculating his sentencing range under the 1995 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  Due to Mr. Taylor's status as a career criminal under U.S.S.G. § 4B1.1, the Guidelines range was determined to be 360 months to life imprisonment.[1]

As mentioned, Mr. Taylor filed a direct appeal of his conviction, as well as a host of unsuccessful post-conviction petitions.  *See United States v. Taylor*, 381 F.App'x 876, 877 (10th Cir. 2010) (unpublished op.) (noting Mr. Taylor filed two unsuccessful federal habeas petitions and two petitions in which we denied him

---

[1]  While the probation officer initially calculated Mr. Taylor's base offense level using the drug quantity table under Guidelines § 2D1.1, he ultimately applied the career offender offense level of 37 under Guidelines § 4B1.1 to calculate his Guidelines range.

authorization to file a second or successive § 2255 motion). In addition, on March 3, 2008, he filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of sentence under Amendment 706 to the Guidelines.[2] The district court denied Mr. Taylor's motion on grounds his sentence was calculated under the career offender guideline in § 4B1.1, making him ineligible for a reduction under the drug quantity guideline in § 2D.1.1, to which Amendment 706 applied. *See United States v. Taylor*, 2008 WL 697341, at **1-2 (W.D. Okla. Mar. 12, 2008) (unpublished op.). Undaunted, Mr. Taylor filed a second motion renewing his request for a reduction of sentence based on Amendment 706, which the district court denied on the same grounds. *See United States v. Taylor*, 362 F.App'x 924 (10th Cir. 2010) (unpublished op.). We dismissed Mr. Taylor's appeal as untimely but noted he was ineligible for a sentence reduction because Amendment 706 did not apply to his sentence which was calculated using his career offender status rather than crack quantities. *See id.* at 924, 925 n.1.

On September 16, 2011, Mr. Taylor filed the instant motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Guidelines, which, together with Amendments 748 and 759, further amended U.S.S.G. §§ 1B1.10 and 2D1.1 and provided retroactive application of the lower

---

[2] This amendment modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine offenses effective November 1, 2007, and retroactive as of March 3, 2008. *See* U.S.S.G. Supp. to App. C, Amends. 706 (Reason for Amend.), 712, and 713; U.S.S.G. § 1B1.10(a)(2).

crack cocaine drug offense levels when proceeding under 18 U.S.C. § 3582(c)(2).

On December 4, 2012, the district court denied his motion for lack of jurisdiction,

explaining Amendment 750, like Amendment 706, did not affect the career

offender guideline on which he was sentenced, and therefore a reduction was

unauthorized by § 3582(c)(2). This appeal followed.

## II. Discussion

In his appeal, Mr. Taylor contends the crack cocaine guidelines are

advisory, and therefore the district court erred in stating it lacked jurisdiction to

consider his argument for a reduction of his sentence under Amendments 706 and

750. We disagree.

While the Guidelines are advisory, calculation of Mr. Taylor's sentence is

based on application of the career offender enhancement under U.S.S.G. § 4B1.1,

rather than crack cocaine quantities under § 2D1.1, as modified by Amendments

706 and 750.[3] Thus, while the modifications in these amendments are reflected in

§ 2D1.1(c), they clearly do not apply to the career offender guideline in § 4B1.1.

*See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (holding

Amendment 706 lowered sentencing range for crack cocaine and does not apply to

---

[3] We generally "review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)," *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012), and we review the district court's interpretation of the Guidelines and other legal issues de novo, *see United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). We also construe Mr. Taylor's filings liberally as he is proceeding *pro se. See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

career offenders sentenced under § 4B1.1 which was not changed by amendment). Because § 3582(c)(2) only permits a reduction in sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," *see* U.S.S.G. § 1B1.10(a)(2)(B), and the Sentencing Commission did not lower the career status sentencing range under § 4B1.1 when it promulgated Amendments 706 and 750, the district court lacked jurisdiction to reduce Mr. Taylor's sentence–regardless of the advisory nature of the Guidelines. For these reasons, it did not abuse its discretion in denying Mr. Taylor's motion.

Having unsuccessfully pursued a § 3582(c)(2) motion for sentence reduction at least three times on the same or similar meritless grounds, we caution Mr. Taylor future frivolous appeals on such grounds will result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose appellate filing restrictions and sanctions. We further caution Mr. Taylor the fact he is a *pro se* litigant does not prohibit the court from imposing such sanctions on him. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

III. Conclusion

Accordingly, we **AFFIRM** the district court's denial of Mr. Taylor's § 3582(c)(2) motion. Appellant's motion to proceed *in forma pauperis* is **DENIED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge