**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSEPH ANTHONY RANSOM,

     Defendant - Appellant.

No. 17-3072
(D.C. No. 6:14-CR-10194-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Joseph Ransom, proceeding pro se, appeals the district court's order dismissing his

Fed. R. Civ. P. 60(b) motion for lack of jurisdiction.  Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

Ransom was convicted by a jury of multiple drug- and firearm-related offenses.

After sentencing, defense counsel filed a direct appeal to this court.  While that appeal

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was pending, Ransom filed a pro se Rule 60(b) motion before the district court, which the court dismissed for lack of jurisdiction. Ransom timely appealed.

We review de novo the district court's dismissal for lack of jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). The filing of a notice of appeal generally divests a district court of jurisdiction, United States v. Meyers, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996), and Rule 60(b) does not provide an independent basis for jurisdiction in a criminal case, United States v. Triplett, 166 F. App'x 362, 365-66 (10th Cir. 2006) (unpublished). Ransom has not identified any applicable exception to this general rule, and our independent review reveals none.[1] Accordingly, the district court did not err in dismissing the motion for lack of jurisdiction.[2]

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Although there is no jurisdictional barrier to consideration of a 28 U.S.C. § 2255 petition while a direct appeal is pending, see United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006), the district court declined to construe Ransom's motion as a § 2255 petition. Ransom does not challenge that decision on appeal. Krastev v. INS, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived.").

[2] Ransom's direct appeal was resolved during the pendency of this appeal, see United States v. Ransom, No. 15-3293, 2017 WL 1959316 (10th Cir. May 11, 2017) (unpublished) (affirming conviction and sentence), but that does not alter the fact that, at the time Ransom filed his Rule 60(b) motion, the district court lacked jurisdiction to consider it.