**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK LEON O'BRYANT,

    Defendant-Appellant.

No. 98-1197
(D.C. No. 98-S-427)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

    Defendant Patrick L. O'Bryant seeks a certificate of appealability to appeal

the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. The district court dismissed the motion as untimely and

subsequently denied a motion for reconsideration and a certificate of

appealability. Because we conclude that Defendant has not made a substantial

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.
The case is therefore ordered submitted without oral argument. This Order and
Judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal.

Following a bench trial, defendant Patrick L. O'Bryant was convicted of two counts of bank robbery under 18 U.S.C. § 2113(a) and was sentenced to 120 months' imprisonment. This court affirmed Mr. O'Bryant's convictions. United States v. O'Bryant, No. 94-1065, 1994 WL 683940 (10th Cir. Dec. 7, 1994) (unpublished).

On April 16, 1997, Defendant filed in his captioned criminal case a Motion for Declaratory Judgment pursuant to Fed. R. Civ. P. 57 in the district court, seeking a determination of the federal government's "legislative jurisdiction and venue" over the banks he robbed. Noting that the relief requested in defendant's motion was not completely clear, the district court denied the motion on May 13, 1997, concluding that defendant could not file motions pursuant to the Federal Rules of Civil Procedure in his criminal action. The district court's order suggested, however, that defendant seek relief in a separate civil action under 28 U.S.C. § 2255. Defendant neither appealed the district court's denial of his Motion for Declaratory Judgment nor requested leave to amend his motion. Instead, on June 9, 1997, defendant filed again in his captioned criminal case a "Jurisdictional Challenge," claiming that the federal government lacked jurisdiction over the banks he robbed. Defendant subsequently filed a Motion for

Summary Judgment with respect to his "Jurisdictional Challenge." Both the Jurisdictional Challenge and the Motion for Summary Judgment were denied by the district court on January 16, 1998, again on grounds that defendant could not properly file motions pursuant to the Rules of Civil Procedure in his criminal case, and again suggesting that defendant initiate a separate civil proceeding pursuant to 28 U.S.C. § 2255. Defendant did not appeal the district court's rulings with respect to these filings.

On February 20, 1998, Mr. O'Bryant did file a § 2255 motion requesting that the district court vacate his sentences. As grounds for relief, defendant expounded upon his earlier "jurisdictional challenge," contending that the government lacked jurisdiction to prosecute him because it had failed at trial to prove an essential element of bank robbery under 18 U.S.C. § 2113(a), namely, the federally insured status of the two banking institutions defendant was charged with robbing. As additional grounds for § 2255 relief, defendant claimed that he received ineffective assistance of counsel at trial and on appeal.

The district court acknowledged that jurisdictional claims may be raised for the first time on collateral attack, see United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993), and that ineffective assistance of counsel claims should be raised in collateral proceedings rather than on direct appeal, see United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). The district court ruled,

- 3 -

however, that defendant's § 2255 motion was nonetheless time-barred by the one-year limitations period imposed on such motions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, tit. I, § 104 (1996) (to be codified at 28 U.S.C. §§ 2254-2266).

In United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997), this court held that prisoners whose convictions became final on or before April 24, 1996 (the effective date of AEDPA), must file their § 2255 motions before April 24, 1997. Defendant did not file his motion until February 20, 1998. Mr. O'Bryant does not contend that he was prevented by government action from filing his motion or that his motion asserted a right newly recognized by the Supreme Court. Furthermore, defendant does not present any valid claim that he had newly discovered evidence that could not have been discovered through the exercise of due diligence.

As a result, we find no exception to the limitations period that applies to all § 2255 motions under the 1996 AEDPA amendments. Thus, while Mr. O'Bryant could have raised issues of jurisdiction and ineffective assistance in a timely-filed collateral attack, Mr. O'Bryant's February 10, 1998 § 2255 motion is simply time-barred.[1]

---

[1]We note that, even assuming the motion were timely, Mr. O'Bryant's jurisdictional claims (as well as his related ineffective assistance claims) are
(continued...)

In his motion for reconsideration, and again on appeal, defendant argues that his original Motion for Declaratory Judgment, filed on April 16, 1997, should have been construed by the district court as a § 2255 motion, especially given that the motion was filed only eight days before the one-year limitations period for filing a § 2255 motion was to expire. However, even assuming that the Motion for Declaratory Judgment should have been construed as a § 2255 motion, the defendant's only recourse following the district court's denial of the motion was to have appealed that final judgment, which defendant failed to do. Consequently, we have no jurisdiction to entertain any appeal with respect to that motion.

Finally, defendant contends that the district court should have granted him leave to file for habeas relief pursuant to 28 U.S.C. § 2241 because he is barred from pursuing those claims under 28 U.S.C. § 2255. We agree with the district court that the fact that Mr. O'Bryant is barred by the one-year limitation period from asserting his claims pursuant to § 2255 does not establish that the remedy in § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he

---

[1](...continued)
unfounded: the record conclusively shows that Mr. O'Bryant stipulated at trial to the federally insured status of the two bank properties. (Am. Trial Stipulations (11-29-93) ¶¶ 1, 5.)

remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion."). Moreover, this court has held that a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity; the remedy is not intended as an alternative or supplement to relief available under 28 U.S.C. § 2255. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

In order for this court to issue a certificate of appealability, Mr. O'Bryant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons stated above, defendant has failed to make such a showing. Consequently, his request for a certificate of appealability is DENIED and his appeal DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge