**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CURTIS DEON JONES, also known
as Straight Face, also known as
Frankfort, also known as Deon,

Defendant-Appellant.

No. 07-5005
(D.C. No. 05-CR-91-TCK)
(N.D. Okla.)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

Defendant Curtis Deon Jones pled guilty to RICO conspiracy in violation of
18 U.S.C. §§ 1962 and 1963. Pursuant to the plea agreement, Mr. Jones waived
his right to "directly appeal the conviction and sentence pursuant to 28 U.S.C.
§ 1291 and/or 18 U.S.C. § 3742(a) . . . and . . . waive[d] the right to collaterally
attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for

---

<sup>*</sup>     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Mot. to Enforce, Attach. 1, at 3. He was sentenced to 260 months' imprisonment, which was within the applicable advisory guideline range for the offense of 210 to 262 months.

Mr. Jones filed a notice of appeal challenging the district court judgment. The government has filed a motion to enforce the appeal waiver in its plea agreement with Mr. Jones. In response, Mr. Jones's attorney filed a motion to withdraw in which he indicated that he believed it would be "a violation of the Rules of Professional Conduct" to continue representation of Mr. Jones. Mot. to Withdraw, at 2; *see Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court gave Mr. Jones an opportunity to file a pro se response to the motion to enforce, *see id.*, and granted him an extension of time to file his response to the motion. To date, Mr. Jones has not filed a response to the motion to enforce.

Under *Anders*, we have conducted an independent review and examination of the motion to enforce. *See id.* This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States*

*v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Mr. Jones's counsel, and under *Hahn* we conclude that Mr. Jones has waived his right to appeal. *See id.*

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, DISMISS the appeal, and DISMISS counsel's motion to withdraw as moot. The mandate shall issue forthwith.

Entered for the Court
PER CURIAM
