**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CURTIS DEON JONES,

      Defendant - Appellant.

No. 10-5159
(D.C. Nos. 4:08-CV-00088-TCK-TLW
and 4:05-CR-00091-TCK-5)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Curtis Deon Jones, a federal inmate proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his motion to vacate,

set aside or correct his sentence. 28 U.S.C. § 2255. Because we conclude that

Mr. Jones has failed to make "a substantial showing of the denial of a

constitutional right," we deny his request for a COA, and dismiss the appeal. 28

U.S.C. § 2253(c)(2).

Mr. Jones was charged in a multiple-count superseding indictment (along

with nine other defendants) with a racketeering conspiracy including acts of

violence and illegal drug distribution in connection with his membership in the

Hoover Crips gang. Doc. 247; 18 U.S.C. §§ 1962(d), 1963. He pled guilty to a

single count pursuant to a plea agreement in which he waived his right to a direct appeal and to collaterally attack his conviction and sentence (except for ineffective assistance of counsel claims challenging the validity of the plea or the waiver).  Doc. 729-2 at 3.  He was sentenced to 260 months' imprisonment.  1 R. 71.  His direct appeal to this court was dismissed based on the waiver in his plea agreement.  United States v. Jones, 236 Fed. App'x. 449, 450 (10th Cir. 2007) (unpublished).  Mr. Jones then filed the current motion to vacate, set aside or correct his sentence, Docs. 806, 894, which the district court denied.  United States v. Jones, Nos. 05-CR-91-005-TCK, 08-CV-88-TCK-TLW, 2010 WL 4809270 (N.D. Okla. Nov. 17, 2010).

To obtain a COA, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  Because Mr. Jones is proceeding pro se, we construe his pleadings liberally.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On appeal, Mr. Jones contends that the:

a.  District court failed to consider important argument[sic] involving Mr. Jones's competency to enter a plea of guilty.
b. District court erred in its recitation or understanding of the facts surrounding the involuntary, forced, and coerced plea agreement.
c. District court failed to consider important argument[sic] that

supported ineffective assistance claim prior to plea agreement. Aplt. Br. 6-7.

Mr. Jones asserts that the district court's failure to conduct a competency hearing prior to his plea was violative of due process and that his counsel was ineffective for failing to move for a psychiatric evaluation. Aplt. Br. 7. But the record is devoid of any indication that Mr. Jones was not competent to enter a plea, given the court's inquiry into and Mr. Jones's responses regarding his mental health at the plea hearing. See United States v. Crews, 781 F.2d 826, 833 (10th Cir. 1986) ("To raise a substantial question requiring a competency hearing there must be some evidence to create doubt on the issue."). Therefore, as Mr. Jones's claim pertains to the effectiveness of his counsel–i.e., that counsel rendered ineffective performance by not making a motion for psychological examination–there is nothing in the record to suggest counsel's failure to make such a motion was unreasonable. A defendant claiming ineffective assistance of counsel must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 46 U.S. 668, 688, 694 (1984). Here, counsel's performance was objectively reasonable given the court's compliance with Federal Rule Crim. P. 11 in performing its colloquy and given the lack of any indication that Jones was not mentally fit to enter a plea. We cannot

conclude that reasonable jurists could debate the disposition of the petition below. In addition, the colloquy demonstrates that Mr. Jones's plea was made voluntarily and without coercion.

Mr. Jones's claim that counsel's statements during sentencing rendered counsel ineffective relates to sentencing and is, therefore, within the terms of the waiver.  See United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). Likewise, his assertion of ineffective assistance based on failure to make a claim of insufficient evidence and abandonment of a viable defense amounts to a challenge to his conviction and, thus, was waived.

We DENY a COA and DISMISS the appeal.  Any other pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge