**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

CURTIS DEON JONES, a/k/a Straight
Face, a/k/a Frankfort, a/k/a Deon,

　　　　Defendant - Appellant.

No. 13-5122
(D.C. No. 4:05-CR-00091-TCK-5)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

　　　Mr. Curtis Deon Jones pled guilty in federal district court on a charge of

racketeering conspiracy. After unsuccessfully moving to vacate the sentence

under 28 U.S.C. § 2255, he filed a motion to vacate under Fed. R. Civ. P. 60(b)(4)

and 60(d)(1) and Fed. R. Civ. P. 12(b)(1). The district court denied the motion

through a minute entry on the docket sheet. We dismiss the appeal over the denial

of relief under Rule 60(b)(4) and 60(d)(1). On the denial of relief under Rule

12(b)(1), we affirm.

---

[*]　　　This order and judgment does not constitute precedent. 10th Cir. R. 32.1(A).

Though Mr. Jones bases the appeal in part on Rule 60(b) and (d), precedent limits appellate jurisdiction when the movant has already pursued a motion to vacate the sentence under 28 U.S.C. § 2255. And, Mr. Jones has done so. Thus, we must apply one of the statutory limits under § 2255, the limitation on second-or-successive motions. This limitation prevents us from reaching the merits of Mr. Jones's claim under Rules 60(b) and (d).

Mr. Jones also invoked Fed. R. Civ. P. 12(b)(1), but this rule did not apply to his criminal proceedings. Thus, the district court correctly declined to entertain the motion under this rule.

I.     Mr. Jones's Reliance on Rule 60(b)(4) and (d)(1)

In the body of his motion, Mr. Jones invoked Fed. R. Civ. P. 60(b)(4) and 60(d)(1).[1] Invocation of these rules, however, creates an ambiguity.

These rules do not govern criminal proceedings, and Mr. Jones is challenging the jurisdiction of the district court to enter a judgment of conviction. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure apply in civil cases); *see also United States v. Triplett*, 166 F. App'x 362, 365 (10th Cir. 2006) (stating that Fed. R. Civ. P. 60(b) "has no applicability to a criminal

---

[1]     The title of the motion refers to Fed. R. Civ. P. "60(d)(7)." No such subsection exists. In the body of the motion, Mr. Jones refers to Rule 60(d)(1). Mot. to Vacate Due to Ct.'s Lack of Subject Matter Jurisdiction, & Pursuant to Fed.R.Civ.P. 60(d)(7) and Rule 12(b)(1) at 1, Sept. 12, 2013, ECF No. 991. We assume that Mr. Jones's reference to Rule 60(d)(7) was a typographical error.

proceeding"); *United States v. Ramirez*, 211 F. App'x 712, 713-14 (10th Cir. 2007) (stating that Fed. R. Civ. P. 60(b) does not apply in criminal cases).[2]

But, Mr. Jones also sought relief under 28 U.S.C. § 2255. For proceedings under § 2255, the Federal Rules of Civil Procedure can be applied. *See* Rule 12, Rules Governing Section 2255 Proceedings in the United States District Courts.

Thus, a threshold issue exists: Is Mr. Jones invoking Fed. R. Civ. P. 60(b) and (d) to challenge the underlying criminal conviction (where the Federal Rules of Civil Procedure would not apply) or the prior § 2255 proceedings (where these rules could be applied)?

For this question, we must examine the relief sought even though Mr. Jones styled his motion as one brought under Fed. R. Civ. P. 60(b)(4) and 60(d)(1). *See United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (stating that even though the claimant had invoked Fed. R. Civ. P. 60(d)(3), the Court had to examine the relief sought rather than the title or form "to determine whether it [was] a second-or-successive collateral attack on [the] conviction");[3] *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (per curiam) (applying the same principle when the claimant sought recharacterization of his motion as one under Fed. R. Civ. P. 60(b)(4)). And, if we conclude that Mr. Jones is seeking relief from the

---

[2]      *Triplett* and *Ramirez* are persuasive.

[3]      *Baker* was originally issued as an unpublished order and judgment. Thus, the order states that it does not ordinarily constitute precedent. *Baker*, 718 F.3d at 1205 n.*. But, the panel subsequently reissued the order as a published decision. *United States v. Baker*, No. 12-3341 (10th Cir. May 21, 2013), ECF No. 10078108.

3

underlying conviction, our precedent would require us to treat the new motion as if it were a second motion under § 2255. *See Baker*, 718 F.3d at 1208; *In re Cline*, 531 F.3d at 1253. If it is, the claimant must satisfy the procedural requirements for an appeal from a second denial of relief under § 2255. *See Baker*, 718 F.3d at 1208.

When we look at the relief sought by Mr. Jones, rather than the title of his motion, we see that he is wanting to vacate his conviction rather than correct some irregularity in his earlier proceedings under § 2255. In the motion, he does not refer to his prior action under § 2255; instead, he asks the district court to release him from prison and order his discharge. Mot. to Vacate Due to Ct.'s Lack of Subject Matter Jurisdiction, & Pursuant to Fed.R.Civ.P. 60(d)(7) and Rule 12(b)(1) at 6, Sept. 12, 2013, ECF No. 991. Thus, under our precedent, we must determine whether Mr. Jones satisfies the procedural requirements for a second-or-successive motion under § 2255.

To appeal from an adverse ruling under § 2255, Mr. Jones would need to obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Harper*, 545 F.3d 1230, 1232-33 (10th Cir. 2008) (stating that a certificate of appealability is required to appeal from the denial of a motion recharacterized as a second-or-successive motion for relief under § 2255). And, we can only issue this certificate if the claim under § 2255 is reasonably debatable. *Harper*, 545 F.3d at 1233.

The claim is not reasonably debatable because we cannot reach the merits. When a petitioner files a second-or-successive motion under § 2255, we can only address the merits if the claim involves newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2255(h). Mr. Jones's claim does not involve newly discovered evidence or a newly recognized principle of constitutional law. Thus, we cannot issue a certificate of appealability. *See Harper*, 545 F.3d at 1234 (declining to issue a certificate of appealability because the motion, recharacterized as one under § 2255, did not satisfy the requirements for a second-or-successive motion). And because we must decline to issue a certificate of appealability, we must dismiss the appeal over the denial of relief under Rules 60(b)(4) and (d)(1).

II.     Mr. Jones's Reliance on Rule 12(b)(1)

In district court, Mr. Jones also relied in the caption on Fed. R. Civ. P. 12(b)(1).[4] But, this rule applies in proceedings that are civil, not criminal. *See* Fed. R. Civ. P. 1. Thus, Mr. Jones cannot use Rule 12(b)(1) of the civil rules to challenge his conviction in a criminal case. In these circumstances, we conclude that the district court acted correctly in denying relief under Rule 12(b)(1). Accordingly, we affirm this part of the ruling.

---

[4]     In the body of the motion, Mr. Jones referred to Fed. R. Civ. P. 12(b)(7). This rule addresses failure to join a party. The reference to Rule 12(b)(7) is apparently a typographical error.

III.     Summary

We treat Mr. Jones's motion under Rule 60(b)(4) and 60(d)(1) as a second-or-successive motion under § 2255.  We lack jurisdiction to entertain this part of the ruling because Mr. Jones has not justified a certificate of appealability.

We have jurisdiction to entertain the ruling to the extent that it denied relief under Fed. R. Civ. P. 12(b)(1).  But, in exercising this jurisdiction, we conclude that the district court correctly denied relief under Rule 12(b)(1).  Thus, we affirm this part of the district court's ruling.

Entered for the Court

Robert E. Bacharach
Circuit Judge