FILED
United States Court of Appeals
Tenth Circuit

January 20, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURTIS DEON JONES,

Defendant - Appellant.

No. 14-5118
(D.C. Nos. 4:05-CR-00091-TCK-5 &
4:08-CV-00088-TCK-TLW)
(N.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **GORSUCH**, **HOLMES**, and **MORITZ**, Circuit Judges.

---

Curtis Deon Jones, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's dismissal, for lack of jurisdiction, of his

successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d

1249, 1251 (10th Cir. 2008) (per curiam). We deny a COA and dismiss this matter.

To obtain a COA, Mr. Jones must show "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, we need consider only the district court's procedural ruling.

It is well-established that a second or successive § 2255 motion must be authorized by this court before it can proceed in the district court. *See* 28 U.S.C. § 2255(h). Without this court's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *See Cline*, 531 F.3d at 1251. When faced with an unauthorized second or successive § 2255 motion, the district court has two choices: it may transfer the motion to this court for authorization if it decides that a transfer would serve the interest of justice, or it may dismiss the motion. *See id.* at 1252.

No reasonable jurist could debate the district court's conclusion that the instant motion was an unauthorized successive § 2255 motion. Mr. Jones has pursued at least two § 2255 motions with regard to this conviction, *see United States v. Jones*, 550 F. App'x 667, 669 (10th Cir. 2013) (Rule 60 motion that was treated as second § 2255 motion); *United States v. Jones*, 421 F. App'x 867, 867-68 (10th Cir. 2011) (first § 2255 motion), and the instant motion again attacked the validity of his conviction. Further, this court did not authorize the instant motion (to the contrary, we have *denied* authorization for the same or similar claims, *see In re Jones*, No. 14-5120 (10th Cir. Nov. 3, 2014) (unpublished order); *In re Jones*, No. 12-5141 (10th Cir. Sept. 25, 2012) (unpublished order)).

Likewise, no reasonable jurist could conclude that the district court erred in dismissing the instant motion. As discussed above, the district court lacks jurisdiction to consider an unauthorized § 2255 motion, and it was well within the district court's authority to decide that a transfer to this court was not warranted.

Mr. Jones's motion to proceed in forma pauperis is granted. The request for a COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk