FILED
United States Court of Appeals
Tenth Circuit

February 20, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CLIFFORD MARCUS WINKLES,

Petitioner - Appellant,

v.

NO NAMED RESPONDENT,

Respondent - Appellee.

No. 14-1301
(D.C. No. 1:14-CV-00974-LTB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Petitioner Clifford Winkles, a federal prisoner representing himself pro se, appeals

the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of statutory

jurisdiction. Petitioner is currently serving a lengthy term of imprisonment imposed by

the Central District of California, but he is incarcerated in a U.S. penitentiary in Colorado.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The District of Colorado dismissed his § 2241 petition on the basis that he had not demonstrated he lacked an adequate and effective remedy to challenge his conviction and sentence in the sentencing court under 28 U.S.C. § 2255. Among other things, the district court noted that the issues raised in the instant § 2241 petition are currently pending in a Ninth Circuit case in which Petitioner is represented by appointed counsel.

On appeal, Petitioner argues he lacks an adequate and effective remedy to challenge one of his counts of conviction, the count of conspiracy, because he has already completed his sentence on that count and is now serving his sentence for another count which carried a mandatory consecutive sentence. However, Petitioner cites to no authority to support his argument that he is unable to attack all of his counts of conviction due to the order in which his consecutive sentences were ordered to run. In the related context of § 2241 challenges to state court convictions, the Supreme Court has held that "we view consecutive sentences in the aggregate, not as discrete segments." *Garlotte v. Fordice*, 513 U.S. 39, 47 (1995). The Court accordingly ruled that a defendant could file a habeas challenge to a conviction where his sentence on this conviction ran first in his consecutive series of sentences, even though this sentence had technically already been served. We see no reason why the same reasoning would not apply to the case before us, and we accordingly conclude that Petitioner has not demonstrated that he lacks an adequate effective remedy under § 2255 based on the order in which his consecutive sentences were ordered to run.

Petitioner also argues the issues raised in his § 2241 petition are not identical to the

issues raised in the pending Ninth Circuit case. However, this fact likewise fails to demonstrate that the remedy available to Petitioner under § 2255 is inadequate or ineffective.

Accordingly, for substantially the same reasons given by the district court, we **AFFIRM** the district court's dismissal of this case without prejudice for lack of statutory jurisdiction. We **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge