**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CLIFFORD MARCUS WINKLES,

    Petitioner - Appellant,

v.

RHODES, Warden,

    Respondent - Appellee.

No. 15-1207
(D.C. No. 1:15-CV-00611-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Clifford Winkles appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of statutory jurisdiction. Because § 2241 is not the proper vehicle for his claims, we affirm.

Winkles, a federal prisoner proceeding pro se, is serving a 39-year sentence for multiple convictions in the Central District of California resulting from two armed bank robberies. At the time he filed this § 2241 petition, Winkles was incarcerated in

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a federal penitentiary in the District of Colorado.[1] The district court dismissed the § 2241 petition for lack of statutory jurisdiction because Winkles failed to show that he lacks an adequate and effective remedy under 28 U.S.C. § 2255.[2]

On appeal, Winkles argues that § 2255(e) and § 2255(h) are unconstitutional. He asserts that the district court erroneously determined (1) that he could only invoke § 2241 to challenge a conviction through § 2255(e)'s savings clause and (2) that he had raised the same claim in two actions. We review the dismissal of a § 2241 petition de novo. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Section 2241 petitions attack "the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Id.* (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). These petitions object to "the *nature* of a prisoner's confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). But federal prisoners who want to attack the legality or validity of their sentence or conviction generally must do so through a § 2255 petition filed in the district that imposed the sentence. *Brace*, 634 F.3d at 1169. Therefore, a district court usually lacks statutory jurisdiction over a § 2241 petition that professes to attack the legality or validity of the prisoner's detention. *See Abernathy v. Wandes*, 713 F.3d

---

[1] This is the second § 2241 petition Winkles has filed in the District of Colorado. He filed this petition a month after this court affirmed the district court's dismissal of his first § 2241 petition for lack of jurisdiction. *See Winkles v. No Named Respondent*, 594 F. App'x 550 (10th Cir. 2015) (unpublished).

[2] On July 31, 2015, the Ninth Circuit dismissed Winkles' appeal of the denial of his Federal Rule of Civil Procedure 60(b) motion after denial of his § 2255 motion to vacate, set aside, or correct his sentence. *United States v. Winkles*, 795 F.3d 1134 (9th Cir. 2015).

538, 557-58 (10th Cir. 2013). Here, Winkles challenges his conviction and sentence, claiming he was actually innocent of violating 18 U.S.C. § 924(c) for possessing a firearm during a bank robbery.

In narrow circumstances, § 2255(e)'s "savings clause" allows a federal prisoner to challenge the legality of his detention under § 2241 if he shows that the remedy by a § 2255 motion "is inadequate or ineffective to test the legality of his detention." *Brace*, 634 F.3d at 1169. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).[3] Winkles bears the heavy burden of showing that the remedy in § 2255 is inadequate or ineffective. *Brace*, 634 F.3d at 1169.

In determining whether Winkles may maintain his § 2241 challenge, we consider only whether Winkles had a path under § 2255 to challenge the validity of his conviction and sentence. *See Prost*, 636 F.3d at 584 ("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241."). Winkles clearly had such a path here.

---

[3] Examples of inadequacy include cases in which the original sentencing court has been abolished, the sentencing court refuses to consider the § 2255 motion, or one sentencing court lacks the ability to "grant complete relief when sentences have been imposed by multiple courts." *Sines*, 609 F.3d at 1073.

Winkles first challenged his sentence through a § 2255 motion filed in 2004 in the Central District of California asserting claims of ineffective assistance of trial and appellate counsel. As the district court noted, Winkles provides no explanation for his failure to assert his actual innocence in his original § 2255 motion. Instead, he attempts to bypass that substantial hurdle by suggesting that his inability to assert his actual innocence through either a successive § 2255 motion or a § 2241 motion violates the Eighth Amendment.

Plainly, Winkles could have asserted his claim of actual innocence in his original § 2255 action. And that is the only question we must answer. Because Winkles hasn't shown that § 2255's remedy was inadequate or ineffective to test the legality of his conviction or sentence, we affirm the district court's dismissal of his § 2241 petition for lack of jurisdiction.

Finally, because we conclude Winkles has failed to offer "a reasoned, nonfrivolous argument" on appeal, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we deny his motion to proceed in forma pauperis and remind him of his immediate obligation to pay the filing fee in full.

Entered for the Court

Nancy L. Moritz
Circuit Judge

4