**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS DEON JONES,

Petitioner - Appellant,

v.

C.R. GOETZ, Acting Warden, FCI
Florence,

Respondent - Appellee.

No. 17-1256
(D.C. No. 1:17-CV-01017-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

Curtis Deon Jones, a federal prisoner proceeding pro se, appeals the district court's

dismissal of his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

(§ 2241 application). Mr. Jones also seeks leave to proceed in forma pauperis (IFP).

Construing Mr. Jones's pleadings liberally, *see United States v. Pinson*, 584 F.3d 972,

975 (10th Cir. 2009), and exercising jurisdiction under 28 U.S.C. § 1291, we affirm the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's dismissal of Mr. Jones's § 2241 application and deny his request to proceed IFP.

## I.    BACKGROUND

### A. *Legal Background*

A federal prisoner seeking to challenge the validity of his conviction or sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). With this provision, "Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence." *Prost v. Anderson*, 636 F.3d 578, 583 (10th Cir. 2011). Such motions "attack[] the legality of [the prisoner's] detention, and must be filed in the district court that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citations omitted).

Although a prisoner may ordinarily seek relief under § 2255 only once, *see Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), "Congress has indicated that it will sometimes allow a prisoner to bring a second or successive" § 2255 motion, *Prost*, 636 F.3d at 583. But because "enhanced finality interests attach[] to a conviction already tested through trial [or acceptance of a plea of guilt], appeal, *and* one round of collateral review, . . . Congress has specified that only certain claims it has deemed particularly important . . . may be brought in a second or successive motion." *Id.* at 583–84. These claims are limited to those that contain either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law,

2

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Typically, a § 2255 motion is "[t]he exclusive remedy for testing the validity of a judgment and sentence" following the conclusion of a direct appeal. *Bradshaw*, 86 F.3d at 166 (internal quotation marks omitted); *see also Prost*, 636 F.3d at 580 ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). But Congress created an exception to this general rule in § 2255(e)'s so-called "savings clause," which we have recognized allows a prisoner, "in extremely limited circumstances," *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999), to challenge his conviction by bringing an application for habeas corpus under 28 U.S.C. § 2241, *see Hale*, 829 F.3d at 1165. Specifically, the savings clause provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Accordingly, under this provision "a federal prisoner may resort to § 2241 to contest his conviction . . . only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 580 (quoting § 2255(e)). But to avail himself of the savings clause and "bring a second or successive attack on his conviction or sentence under 28 U.S.C. § 2241, without reference to

3

§ 2255(h)'s restrictions," *id.* at 584, a prisoner must bring the § 2241 application in the district where he is confined and establish that § 2255 is inadequate and ineffective to test the legality of his conviction or sentence, *see Hale*, 829 F.3d at 1165, 1170.[1]

## B. *Factual and Procedural Background*

In October 2006, Mr. Jones pleaded guilty to a single count of racketeering conspiracy in violation of 18 U.S.C. §§ 1962 and 1963. *United States v. Jones*, Nos. 05-cr-91-005-TCK, 08-cv-88-TCK-TLW, 2010 WL 4809270, at *1 (N.D. Okla. Nov. 17, 2010) (*Jones II*) (unpublished). Mr. Jones's guilty plea was made pursuant to a plea agreement with the Government, which included a waiver of his right to directly appeal or collaterally attack his conviction or sentence, with the exception of ineffective assistance of counsel claims challenging the validity of the plea agreement or waiver. *See United States v. Jones*, 421 F. App'x 867, 867 (10th Cir. 2011) (*Jones III*) (unpublished). The plea agreement also contained an admission by Mr. Jones that he shot James Eric Stewart in conjunction with his participation in the racketeering conspiracy. *Jones II*, 2010 WL 4809270, at *1.

---

[1] A 28 U.S.C. § 2241 application ordinarily "attacks the execution of a sentence rather than its validity," and "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Such challenges may involve "matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997)). Mr. Jones's § 2241 application does not implicate this aspect of § 2241, and therefore his § 2241 application challenging the validity of his conviction and sentence could only be considered by the district court if he could first demonstrate that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.

At Mr. Jones's sentencing hearing held some months later, pursuant to § 2E1.3 of the United States Sentencing Commission Guidelines Manual (U.S.S.G. or Guidelines), the district court established Mr. Jones's base offense level by examining the offense level applicable to the underlying crime of racketeering activity. In doing so, the district court concluded Mr. Jones's underlying racketeering activity included, among other things, second degree murder as identified in § 2A1.2 of the Guidelines, which resulted in a base offense level of 38. After accounting for Mr. Jones's criminal history category and a three-level reduction for acceptance of responsibility, the district court determined the advisory Guidelines sentencing range to be 210 to 262 months and sentenced Mr. Jones to 260 months' imprisonment. *See United States v. Jones*, 236 F. App'x 449, 450 (10th Cir. 2007) (*Jones I*) (unpublished).

Mr. Jones directly appealed his conviction and sentence, and the government moved to enforce the appellate waiver contained in Mr. Jones's plea agreement. *Id.* We dismissed Mr. Jones's appeal, concluding under the factors identified in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), that Mr. Jones had waived his appellate rights. *Jones I*, 236 F. App'x at 450. Mr. Jones then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In that motion, Mr. Jones asserted numerous claims regarding the ineffective assistance of counsel, including, among other claims, that his counsel: (1) provided ineffective assistance with respect to a "coerced and involuntary plea"; (2) made incriminating statements during the sentencing hearings; and (3) failed "to make a claim of insufficient evidence and abandone[d] . . . a viable defense" regarding Mr. Jones's role in the murder of Mr. Stewart. *Jones II*, 2010

5

WL 4809270, at *1–2. With respect to this final claim, Mr. Jones specifically argued that his counsel knew or should have known that Mr. Stewart's death "was caused by another [individual], and that [the responsible] person had pled guilty" to the murder prior to Mr. Jones's guilty plea. *Id.* at *2. The district court denied Mr. Jones's motion, concluding in relevant part that counsel's conduct did not violate the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and that Mr. Jones waived the right to raise a number of his claims by way of the collateral attack waiver contained in his plea agreement. *Id.* at *2–7. Mr. Jones sought a certificate of appealability to challenge the district court's decision, but we denied his request. *Jones III*, 421 F. App'x at 867–68.

Since the denial of his initial § 2255 motion, Mr. Jones has attempted to challenge his conviction and sentence on multiple occasions in the United States District Court for the Northern District of Oklahoma—the court where he was sentenced—through successive § 2255 motions, as well as through a motion to vacate under Federal Rules of Civil Procedure 60(b)(4), 60(d)(1), and 12(b)(1). All of Mr. Jones's challenges have been unsuccessful. *See, e.g.*, *United States v. Jones*, 590 F. App'x 822, 823 (10th Cir. 2015) (unpublished); *In re Jones*, No. 14-5120 (10th Cir. Nov. 3, 2014) (unpublished); *United States v. Jones*, 550 F. App'x 667, 668–68 (10th Cir. 2013) (unpublished); *In re Jones*, No. 12-5141 (10th Cir. Sept. 25, 2012) (unpublished). More recently, Mr. Jones sought our authorization to proceed on a successive § 2255 motion that he had previously filed with the district court. In that motion Mr. Jones raised a number of claims for relief, including what appeared to be a claim of actual innocence with respect to the murder of Mr. Stewart and an alleged violation of the Supreme Court's decision in *Molina-Martinez*

6

*v. United States*, 136 S. Ct. 1338, 1346 (2016). *See In re Jones*, No. 17-5017 (10th Cir. Feb. 23, 2017). We denied Mr. Jones's request, concluding in relevant part that: (1) his allegations regarding Mr. Stewart's murder failed to satisfy 28 U.S.C. § 2255(h) because he "was not convicted of murder—he was convicted . . . of participating in a racketeering conspiracy" and the fact that "another person was convicted of Mr. Stewart's murder does nothing to show that a reasonable factfinder would not have found Mr. Jones guilty of participating in a racketeering conspiracy" or that his "Guidelines range was incorrectly calculated"; and (2) even if *Molina-Martinez* states a new rule of constitutional law, it has not been made retroactive to cases on collateral review. *Id.*

On April 24, 2017, Mr. Jones filed the instant § 2241 application in the United States District Court for the District of Colorado—the district in which he is currently confined. In his pro se application, Mr. Jones asserted that the sentence imposed by the district court violates his due process and Eighth Amendment rights because he is "actually and legally innocent" of the second degree murder "racketeering activity" that appears to have been used by the district court to establish his offense level at 38 pursuant to § 2E1.3 and § 2A1.2 of the Guidelines. Mr. Jones also claimed that his counsel was ineffective in negotiating his plea agreement and making incriminating statements during the sentencing hearing.

In response to Mr. Jones's § 2241 application, the magistrate judge issued an order informing Mr. Jones that his § 2241 application could not be used to challenge the validity of his conviction or sentence unless he could establish that the remedial scheme under § 2255 was inadequate or ineffective to test the legality of his detention. The

7

magistrate judge indicated Mr. Jones had failed to carry this burden, and ordered Mr. Jones to show cause why his application should not be dismissed. Mr. Jones filed a brief response to the magistrate judge's order, contending that § 2255 is inadequate and ineffective to test the validity of his conviction and sentence on the grounds raised in his § 2241 application because he is now time-barred from raising those grounds in a § 2255 motion and he cannot satisfy the criteria set forth in § 2255(h) and 28 U.S.C. § 2244 for gaining authorization to file a second or successive § 2255 motion. Mr. Jones also argued that his claims satisfied an "actual innocence" component of § 2255(e)'s savings clause that was recognized by the Fifth Circuit in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

The district court rejected Mr. Jones's arguments and dismissed his § 2241 application for lack of statutory jurisdiction.[2] Relying on our well-established precedent, the district court concluded that because Mr. Jones's claims could have been raised in his initial § 2255 motion, he could not demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. *See Abernathy v. Wandes*, 713 F.3d 538, 549, 551 (10th Cir. 2013); *Prost*, 636 F.3d at 584, 587. In addition, the district court determined that although Mr. Jones is time-barred from filing a § 2255 motion and is precluded from raising the instant claims in a successive § 2255 motion under § 2255(h), such circumstances do not establish that the remedy in § 2255 is inadequate or ineffective. *See*

---

[2] "[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s saving clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims." *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

8

*Caravalho*, 177 F.3d at 1179. Finally, the district court also noted that we have explicitly declined to adopt the actual innocence component of the savings clause test set out in *Reyes-Requena*, *see Abernathy*, 713 F.3d at 546 n.7; *Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011), and denied Mr. Jones IFP status for purposes of appeal. Mr. Jones timely appealed the district court's decision.

## II.    DISCUSSION

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (internal quotation marks omitted); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

As previously described, to challenge the validity of a conviction or sentence under § 2241, as opposed to § 2255, a prisoner bears the burden of first establishing that the remedial mechanism provided by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 has been found to be inadequate or ineffective only in extremely rare and limited circumstances, such as "the abolition of the original sentencing court; the sentencing court's refusal to consider, or inordinate delay in considering, the § 2255 motion; and the inability of a single sentencing court to grant complete relief when sentences have been imposed by multiple courts." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). This is because § 2255(e)'s saving clause "is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about

9

what the *opportunity* promised will ultimately yield in terms of relief." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). As a result, § 2255(e)'s "savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim." *Id.* at 585. Accordingly, the test we use to determine whether § 2255 provides an adequate and effective mechanism to test the legality of a prisoner's detention "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id.* at 584; *see also Winkles v. Rhodes*, 616 F. App'x 379, 380 (10th Cir. 2015) (unpublished) ("In determining whether [the appellant] may maintain his § 2241 challenge, we consider only whether [he] had a path under § 2255 to challenge the validity of his conviction and sentence."); *Prost*, 636 F.3d at 587 ("[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the petitioner with a *chance* to *test* his sentence or conviction.").

Mr. Jones clearly could have raised the claims identified in his § 2241 application in the initial § 2255 motion he filed in early 2008. Mr. Jones does not contend that he faced any difficulty in bringing his initial § 2255 motion in the court where he was sentenced, *see Prost*, 636 F.3d at 588, and offers no argument that he was precluded from raising his actual innocence and ineffective assistance of counsel claims in that motion, *id.* at 590 ("Critically, [the prisoner] doesn't—and can't—dispute that he *was* entirely free to raise and test [the argument raised in his § 2241 application] in his initial § 2255 motion."). In fact, the ineffective assistance of counsel claim raised in his § 2241

10

application is substantially similar to some of the ineffective assistance of counsel claims asserted in his initial § 2255 motion. *See Jones II*, 2010 WL 4809270, at *1–6. And his current claim of actual innocence is plainly related to the ineffective assistance of counsel claim identified in his initial § 2255 motion that asserted his counsel should have known another individual was responsible for Mr. Stewart's murder and therefore should have asserted a defense on that basis. *See id.* at *7–8. Accordingly, Mr. Jones had a path under § 2255 to challenge the validity of his conviction and sentence on the grounds now asserted in his § 2241 motion, and therefore he cannot meet his burden of establishing that § 2255's remedy was inadequate or ineffective to test the legality of his detention.

Instead of asserting an inability to raise these claims in his initial § 2255 motion, Mr. Jones argues that his current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)— demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention. But we have squarely rejected such arguments on multiple occasions. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) ("[W]e agree with the district court that the mere fact [a prisoner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."); *see also Prost*, 636 F.3d at 588 (noting § 2255(h)'s limitation on filing second and successive § 2255 motions "doesn't mean that the § 2255 remedial regime is inadequate or ineffective"); *Sines*, 609 F.3d at 1073 ("A district court's erroneous decision on a § 2255 motion does not render the § 2255 remedy inadequate or ineffective."); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Failure to obtain relief under [§] 2255 does not

11

establish that the remedy so provided is either inadequate or ineffective." (internal quotation marks omitted)); *United States v. O'Bryant*, 162 F.3d 1175, 1998 WL 704673, at *2 (10th Cir. 1998) (unpublished) ("We agree with the district court that the fact [a prisoner] is barred by the one-year limitation period from asserting his claims pursuant to § 2255 does not establish that the remedy in § 2255 is 'inadequate or ineffective to test the legality of his detention.'" (quoting 28 U.S.C. § 2255(e)).

Mr. Jones's reliance on *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) is equally unavailing. First, the Fifth Circuit's decision in *Reyes-Requena* does not suggest that a claim of actual innocence, standing alone, is sufficient to satisfy § 2255(e)'s savings clause. While *Reyes-Requena* establishes that the Fifth Circuit's § 2255(e)'s savings clause test includes an "actual innocence prong," it also indicates a petitioner must show more than actual innocence in order to proceed under § 2241. 243 F.3d at 904 (holding § 2255(e)'s savings clause "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"). Second, and more importantly, "this court explicitly declined to adopt the *Reyes-Requena* [savings clause] test in *Prost*." *Brace*, 634 F.3d at 1170. In *Prost*, "we charted a much different course than many of our sister circuits regarding the proper scope of the savings clause," and "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).

12

As already demonstrated, Mr. Jones has failed to satisfy the savings clause test set out in *Prost*.

Finally, because Mr. Jones fails to offer "a reasoned, nonfrivolous argument" on appeal, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we deny his request to proceed IFP.

### III.    CONCLUSION

Accordingly, we affirm the district court's dismissal of Mr. Jones's § 2241 motion for lack of jurisdiction and deny Mr. Jones's motion to proceed IFP.

Entered for the Court


Carolyn B. McHugh
Circuit Judge