# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1638

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael Jackson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 3, 2005
Filed: February 3, 2006

_____

Before BYE, LAY, and SMITH, Circuit Judges.

_____

PER CURIAM.

The Supreme Court vacated our prior judgment in this case and remanded the matter to us to reconsider in light of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). *Booker* held that sentences imposed under the then mandatory United States Sentencing Guidelines, applying judge-found facts to enhance sentences, violated the Sixth Amendment rights of criminal defendants. *Id*. at 756. The Court's remedy was to make the Guidelines effectively advisory. *Id*. at 756–57. The Court instructed us to apply ordinary jurisprudential principles such as harmless error and plain error in determining whether a remand was appropriate for cases appealed prior to *Booker*. *Id*. at 769. Post *Booker*, we have reviewed new sentences for

reasonableness and in pre-*Booker* cases we have routinely ordered remands where the defendant either raised a Sixth Amendment argument before the district court or demonstrated plain error under our decision in *United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005).

Jackson, who was sentenced in February 2003, (pre-*Booker*) raised no issue implicating his rights under the Sixth Amendment before the district court. Having reviewed this case in light of *Booker*, we now hold that Jackson cannot show plain error under our decision in *Pirani*. Consequently, we re-affirm our earlier opinion and reinstate the vacated judgment. The district court sentenced Jackson to 327 months' imprisonment to run consecutively to two state court convictions. The trial court clearly stated its rationale as follows: "Now, the reason that I am imposing the maximum sentence and the reason that I am ordering them to run consecutive is for the reason you are a career criminal." Based upon his nine burglary convictions, and numerous other convictions, Jackson would have been subject to a sentence as a career offender regardless of the firearm or obstruction of justice enhancements imposed by the district court. Jackson cannot demonstrate that his sentence would probably have been more favorable had the district court not imposed the enhancements made suspect by the holding in *Booker*.

_____