FILED
United States Court of Appeals
Tenth Circuit

August 4, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JACKSON,

 Petitioner-Appellant,

v.

DON HUDSON, Warden,

 Respondent-Appellee.

No. 20-3053
(D.C. No. 5:20-CV-03055-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant Michael Jackson, proceeding pro se,[1] filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of Kansas alleging that he is innocent in light of *Rehaif v. United States*, --- U.S. ----, 139 S. Ct. 2191 (2019). The district court dismissed this petition for lack of statutory

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Jackson is proceeding pro se, we construe his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's judgment.

## I

A jury convicted Mr. Jackson in the United States District Court for the Western District of Missouri of a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Given his prior convictions, Mr. Jackson was subject to the penalty-enhancement provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court sentenced him to 327 months' imprisonment. The Eighth Circuit affirmed his conviction and sentence. However, in 2005, the Supreme Court vacated the Eighth Circuit's judgment and remanded Mr. Jackson's case back to the Eighth Circuit for further consideration in light of *United States v. Booker*, 543 U.S 220 (2005). *See Jackson v. United States*, 543 U.S. 1103 (2005). On remand, the Eighth Circuit held that Mr. Jackson could not demonstrate plain error in connection with his sentence, and reinstated its vacated judgment. *See United States v. Jackson*, 163 F. App'x 451 (8th Cir. 2006) (per curiam) (unpublished). Mr. Jackson unsuccessfully sought relief under 28 U.S.C. § 2255, and was denied authorization to file a second motion under that section.

Subsequently, Mr. Jackson filed the § 2241 petition at issue here in federal court in the District of Kansas, challenging the validity of his conviction based on

a recent decision of the United States Supreme Court *Rehaif v. United States* which held that to convict a criminal defendant under 18 U.S.C. § 922(g), the government must prove "*both* that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added). Before *Rehaif*, the government could obtain a felon-in-possession conviction without proving that the defendant knew he had previously been convicted of a felony. *See, e.g.*, *United States v. Silva*, 889 F.3d 704, 711 (10th Cir. 2018) (citing *United States v. Benford*, 875 F.3d 1007, 1015 (10th Cir. 2017)).

Mr. Jackson argues that *Rehaif* "was a substantial change in the law" that renders him innocent of his felon-in-possession offense and that he should be permitted to proceed under § 2241. Aplt.'s Opening Br. at 3. This is because, he says, he has "exhausted all of his" rights under § 2255 and § 2241 "is the only portal avenue available to [him] for entry into this [c]ourt." *Id.* at 2 3. The district court rejected Mr. Jackson's argument and dismissed his § 2241 petition for lack of statutory jurisdiction. In pertinent part, the court determined that Mr. Jackson could not avail himself of § 2241 because he failed to demonstrate that the remedy provided by his initial § 2255 motion was "inadequate or ineffective" within the meaning of § 2255(e)'s so-called savings clause. R. at 29, 30 (Dist. Ct.

3

Mem. & Order, filed Feb. 21, 2020) (quoting *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011), which in turn quotes § 2255(e)).

## II

We review de novo the district court's dismissal of Mr. Jackson's § 2241 petition for lack of jurisdiction. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

When a federal prisoner is denied relief on his first § 2255 motion, as happened here, the prisoner cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or a "new rule[] of constitutional law," as those terms are defined in § 2255(h). *Prost*, 636 F.3d at 581. A prisoner is permitted, however, to file a habeas petition in the federal district in which he is incarcerated under § 2241, but only if he first demonstrates under § 2255(e)'s savings clause that the remedy provided under § 2255 was "inadequate or ineffective" at the time of his initial § 2255 motion. *See* 28 U.S.C. § 2255(e) (noting the operative condition as "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"); *Prost*, 636 F.3d at 589 ("[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is

inadequate or ineffective for *testing* a challenge to detention."); *accord Abernathy v. Wades*, 713 F.3d 538, 547 (10th Cir. 2013).

The savings clause — that is, § 2255(e) — is only satisfied "in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *cf. Brace*, 634 F.3d at 1169 (stating that "§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction"). Focusing on matters relevant here, a panel of our court recently summarized well *Prost*'s reasoning:

> We explained [in *Prost*] that "[t]o invoke the savings clause, there must be something about the *initial* § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." And "the fact that [a defendant] or his counsel may not have *thought* of [a novel statutory interpretation argument later approved by a court] earlier doesn't speak to the relevant question whether § 2255 *itself* provided [the defendant] with an adequate and effective remedial mechanism for testing such an argument."

*Garcia v. Stancil*, 808 F. App'x 666, 669 (10th Cir. 2020) (unpublished) (first alteration added) (first emphasis added) (citations omitted) (quoting *Prost*, 636 F.3d at 589); *see Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018) (unpublished) ("Lewis notes that several of our sibling circuits follow what's known as the erroneous-circuit-foreclosure test. Courts following that test apply the savings clause if a circuit court's subsequently overturned interpretation of a statute precluded relief at the time the § 2241 petitioner moved for relief under

5

§ 2255. But we *specifically rejected* that approach in *Prost*." (emphasis added)
(citations omitted)), *cert. denied*, --- U.S. ----, 139 S. Ct. 1318 (2019). And
"when a federal petitioner fails to establish that he has satisfied § 2255(e)'s
saving clause test   thus, precluding him from proceeding under § 2241   the
court lacks statutory jurisdiction to hear his habeas claims." *Abernathy*, 713 F.3d
at 557; *accord Jones v. Goetz*, 712 F. App'x 722, 726 n.2 (10th Cir. 2017)
(unpublished).

### III

We conclude that the district court correctly dismissed Mr. Jackson's
§ 2241 petition for lack of statutory jurisdiction. That is because he has not
shown that the remedy provided by his initial § 2255 motion was inadequate or
ineffective, within the meaning of § 2255(e), to challenge his felon-in-possession
conviction. Under *Prost*, the fact that   *after* Mr. Jackson filed his initial § 2255
motion   the Supreme Court in *Rehaif* construed § 922(g) in a manner that might
have provided him, at the time of his motion, a basis for relief does not render the
remedy provided by his initial § 2255 motion inadequate or ineffective. *See*
*Prost*, 636 F.3d at 589; *accord Garcia*, 808 F. App'x at 669. Indeed, a panel of
our court specifically held as much in the context of a § 2241 petition predicated
on *Rehaif*, and we find that decision persuasive. *See Dembry v. Hudson*, 796 F.
App'x 972, 975 (10th Cir. 2019) (unpublished) ("[T]hat *Rehaif* did not exist when

6

Dembry initially filed his § 2255 motion or that adverse circuit precedent existed at the time does not render § 2255's procedure ineffective or inadequate. The savings clause in § 2255(e) does not apply here and the district court properly concluded it lacked jurisdiction to review Dembry's § 2241 petition." (citation omitted)). Accordingly, Mr. Jackson cannot pursue his *Rehaif* argument in a § 2241 petition. The district court correctly dismissed the petition for lack of statutory jurisdiction.

## IV

For the foregoing reasons, we **AFFIRM** the district court's judgment.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

7